UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ILYA AZARYEV, #09852, and BLACKBOX CAPITAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAUPHIN COUNTY DISTRICT ATTORNEY and DAUPHIN COUNTY, <br><br> Defendants. | CIVIL ACTION NO. 1:23-cv-00913 <br><br> (SAPORITO, M.J.) <br><br> FILED <br> WILKES BARRE <br> JUN 23 2023 <br> PER _____ <br> DEPUTY CLERK |

## MEMORANDUM

This is a *pro se* § 1983 civil rights action. It was provisionally initiated by the lodging of a *pro se* complaint on June 5, 2023. (Doc. 1.) The two named plaintiffs are Ilya Azaryev ("Azaryev") and Blackbox Capital Inc. ("Blackbox"), a New York corporation of which Azaryev is the "primary" shareholder and a corporate officer.[1]

Generally, to initiate a civil action such as this, a plaintiff is required to pay a $350 filing fee and a $50 administrative fee, due upon opening of the case. *See* 28 U.S.C.A. § 1914(a) (imposing a filing fee of

---

[1] The complaint states that Azaryev is "chief of counsel" for Blackbox, but based on publicly available New York and Pennsylvania attorney records, Azaryev does not appear to be licensed to practice law.

$350); *id.* § 1914(b) & note (District Court Miscellaneous Court Fee Schedule ¶ 14) (imposing an additional administrative fee of $50). Indigent plaintiffs are permitted to move for leave to proceed without prepayment of fees—or *in forma pauperis* ("IFP")—under 28 U.S.C. § 1915.

Here, the plaintiffs have failed to remit the requisite $402 filing and administrative fees. Instead, they have submitted a motion for leave to proceed *in forma pauperis* with respect to Azaryev only. (Doc. 5.) "[A]lthough only one filing fee needs to be paid, if multiple plaintiffs seek to proceed *in forma pauperis*, each such plaintiff must qualify for *in forma pauperis* status and the plaintiffs must establish that they cannot, singly or together, pay the filing fee." *Roberts v. Aviles*, Civil Action No. 10-5916 (FSH), 2010 WL 4939927, at *1 (D.N.J. Nov. 30, 2010); *accord Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010); *Darden v. Indymac Bancorp, Inc.*, No. CIV S-09-2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009). No such application has been submitted with respect to co-plaintiff Blackbox. Moreover, as a corporation, Blackbox is simply not eligible for *in forma pauperis* status under § 1915. *See Rowland v. Cal. Men's Colony, Unit II*

*Men's Advisory Council*, 506 U.S. 194, 201–08 (1993) (holding that organizations are ineligible for § 1915 *in forma pauperis* status, which is strictly limited to natural persons); *FDM Mfg. Co. v. Scottsdale Ins. Co.*, 855 F.2d 213, 213–15 (5th Cir. 1988) ("[C]orporations are not entitled to IFP treatment under 28 U.S.C. § 1915(a).").

The inclusion of Blackbox, a corporation, among the named plaintiffs raises an additional issue. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party *personally* if the party is unrepresented [by counsel]." Fed. R. Civ. P. 11(a) (emphasis added). The original complaint was personally signed by plaintiff Azaryev, representing himself without counsel, as is his right under 28 U.S.C. § 1654. However, the complaint does not include any signature by counsel for the corporate plaintiff, Blackbox.

It is well established that a corporation may not appear in federal court as a *pro se* litigant, but rather it must be represented by a licensed attorney. *See Rowland*, 506 U.S. at 202–03 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Simbraw, Inc. v. United*

*States*, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) ("[A] corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court or courts before whom its rights need to be adjudicated[.]"); *see also Lawson v. Nat'l Continental-Progressive Ins. Co.*, 347 Fed. App'x 741, 742 n.1 (3d Cir. 2009) (per curiam); *Curbison v. U.S. Gov't of N.J.*, 242 Fed. App'x 806, 808–09 (3d Cir. 2007) (per curiam); *Kilinc v. Tracfone Wireless Inc.*, 757 F. Supp. 2d 535, 537 (W.D. Pa. 2010); *Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007). Thus, the original complaint lodged with the Court for filing on June 5, 2023, has satisfied Rule 11 only with respect to Ilya Azaryev, the only plaintiff to have affixed a valid signature to that pleading. It is unsigned with respect to Blackbox Capital Inc.

Rule 11 further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a); *see also People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917–18 (E.D. Pa. 1978) (striking *pro se* complaint with respect to two plaintiffs who did not sign it). Accordingly, the plaintiffs, having now been notified of the defect in their

complaint, will be directed to correct the defect by submitting a copy of the complaint with the signature of a *licensed attorney*, admitted to the bar of this Court, who will thereafter appear in this matter as counsel of record for Blackbox. Together with this properly signed copy of the complaint, the plaintiffs will be further directed to remit payment of the requisite $402 filing and administrative fees. If a copy of the complaint fully compliant with Rule 11 is not filed within the specified time period, the complaint will be struck with respect to plaintiff Blackbox, and the action will proceed on the complaint with Azaryev as the only remaining plaintiff. *See* Fed. R. Civ. P. 11(a); *Snead*, 462 F. Supp. at 917–18.

An appropriate order follows.

Dated: June  22 , 2023

                                                  JOSEPH F. SAPORITO, JR.
                                                  United States Magistrate Judge